**E-Filed 1/5/08**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>  v.<br><br>THOMAS E. SEIDEL,<br><br>      Defendant. | Case Number C 07-4128 JF (RS)<br><br>ORDER[1] DENYING DEFENDANT'S MOTION IN LIMINE TO EXCLUDE FORM 2751<br><br>[re: docket no. 48] |

  Defendant Thomas Seidel ("Seidel") moves to exclude the Form 2751 that he signed on October 30, 1996, asserting that revenue officer Stephen Penrod ("Penrod") violated the Bankruptcy automatic stay by soliciting Seidel's signature on the Form 2751 after Seidel and his wife had filed a Chapter 7 petition on October 25, 1996.

  In general, the filing of a petition in bankruptcy operates as a stay of, *inter alia*:

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

---

[1] This disposition is not designated for publication in the official reports.

11 U.S.C. § 362(a)(1). However, the filing of a petition does not operate as a stay of, *inter alia*:

> (D) the making of an assessment for any tax and issuance of a notice and demand for payment of such an assessment (but any tax lien that would otherwise attach to property of the estate by reason of such an assessment shall not take effect unless such tax is a debt of the debtor that will not be discharged in the case and such property or its proceeds are transferred out of the estate to, or otherwise revested in, the debtor).

11 U.S.C. § 362(b)(9)(D).

Seidel argues that although the making of an assessment and issuance of notice and demand are excepted from the automatic stay provision, the *signing of a waiver document* is not. Seidel argues that Penrod's solicitation of the Form 2751 thus falls within the general stay provision and accordingly is void. *See In re Schwartz*, 954 F.2d 569, 571 (9th Cir. 1992) (holding that actions in violation of the automatic stay provision are void).

The United States does not squarely address Seidel's argument, but rather attacks as misplaced Seidel's reliance upon *Ellison v. C.I.R.*, 385 B.R. 158 (S.D.W.Va. 2008). *Ellison* is factually similar to the instant case in that the Internal Revenue Service ("IRS") solicited the plaintiff's signature on a Form 2751 after the plaintiff had filed a bankruptcy petition. The court held that the solicitation violated the automatic stay. However, the court noted expressly that "[w]hile the IRS is able to make a tax assessment under the current version of the code, it was precluded from doing so [at the time of the subject events]." *Id*. at 162 n.7. The court's holding thus provides no support for Seidel's position; in fact, the court's comment on the change in the code implies that the court would have reached a different result had the amendment applied.

Seidel nonetheless relies upon the following language from the decision: "[t]he language of 11 U.S.C. § 362 does not create any such exception [to the automatic stay] for a waiver and its legislative history does not support that result." *Id*. at 167. The *Ellison* court was addressing the IRS's argument that the signing of the Form 2751 operated to waive the violation of the automatic stay. The court concluded that the IRS's argument was circular. However, the court's discussion must be viewed against the backdrop of the court's prior conclusion that the Bankruptcy Code amendments excepting tax assessments did not apply in the case before it. Whereas the *Ellison* court had to decide the effect of a post-petition Form 2751 absent any

1 arguably applicable statutory exception to the automatic stay provision, this Court is confronted
2 with the very different question of whether the statutory exception set forth at § 362(b)(9)(D)
3 applies here.
4     The parties have not cited, and the Court has not discovered, any cases expressly
5 addressing whether § 362(b)(9)(D), excepting from the automatic stay "the making of an
6 assessment for any tax and issuance of a notice and demand for payment of such an assessment,"
7 should be construed to include the solicitation of a Form 2751. This Court concludes that it
8 should be so construed. Although the bankruptcy stay is broad, *see Eskanos & Adler, P.C. v.*
9 *Leetien*, 303 F.3d 1210, 1214 (9th Cir. 2002) (noting that "[t]he scope of protections embodied in
10 the automatic stay is quite broad, and serves as one of the most important protections in
11 bankruptcy law."), soliciting a signature on a Form 2751 would seem to be part and parcel of the
12 process of making an assessment and issuing a notice and demand.
13     Accordingly, Seidel's motion to exclude the Form 2751 is DENIED.

16 DATED: 1/5/08

_____
JEREMY FOGEL
United States District Judge

Case No. C 07-4128-JF (RS)
ORDER DENYING DEFENDANT'S MOTION IN LIMINE TO EXCLUDE FORM 2751
(JFLC2)

1  This Order has been served upon the following persons:

2

3  David L. Denier david.denier@usdoj.gov

4
   Randy Sue Pollock pollockesq@aol.com
5

6  Robert Alan Jones rajltd@aol.com, jean@rajlv.com

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4